Filed 5/24/16  P. v. Acevedo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YSIDRO GUELLERMO ACEVEDO,<br><br>    Defendant and Appellant. | F070421<br><br>(Super. Ct. No. SC082343A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Ysidro Guellermo Acevedo filed a petition pursuant to the Three Strikes Reform Act of 2012 (the Act).  The trial court denied the petition finding Acevedo was ineligible

---

[*]    Before Gomes, Acting P.J., Poochigian, J. and Franson, J.

for resentencing. Appellate counsel filed a brief asserting she could not identify any arguable issues in this case. We agree and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

In 2001, a jury found Acevedo guilty of two counts of being a felon in possession of a firearm (former Pen. Code, § 12021, subd. (a)(1))[1], two counts of being a felon carrying a loaded firearm (former § 12031, subd. (a)(2)(A)), and one count of being a felon in possession of ammunition (former § 12316, subd. (b)(1)) (the 2001 convictions). He was sentenced to a third strike sentence of 25 years to life. The following factual summary of the events leading to these convictions is drawn from the opinion from this court affirming these convictions. (*People v. Acevedo* (July 29, 2002, F039004) [nonpub. opn.].)

Kern County Deputy Sheriff Todd Bishop was on routine patrol when he observed Acevedo walking in the street erratically as if he was intoxicated. When Bishop attempted to contact Acevedo, Acevedo ran from the scene. Bishop followed and eventually caught Acevedo. When he searched Acevedo, Bishop found a handgun in a holster on Acevedo's ankle and another handgun, which appeared to have been dropped during the pursuit, but had been carried in a holster found on Acevedo's waist. Both firearms were loaded.

On August 6, 2014, Acevedo filed a petition pursuant to section 1170.126 seeking to be resentenced pursuant to the provisions of the Act. The district attorney opposed the petition arguing Acevedo was ineligible for resentencing because he was armed with a firearm during the commission of the offense that led to his third strike sentence. A probation report was filed which included as exhibits the appellate court opinion from the appeal of the 2001 convictions, and the preliminary hearing transcript from the 2001

---

[1] All further statutory references are to the Penal Code.

2.

convictions. After considering the evidence and the arguments of counsel, the trial court denied the petition, concluding Acevedo was ineligible for resentencing.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting she could not identify any arguable issue in this case. By letter dated May 22, 2015, we invited Acevedo to identify any issues he wished us to address in this appeal. Acevedo did not respond to our letter. After a thorough review of the record, we agree with appellate counsel that there are no arguable issues in this case.

Section 1170.126, enacted as part of the Act, defines those eligible for resentencing as inmates serving an indeterminate third strike sentence, and (1) not serving a sentence for a crime that is listed as a serious or violent felony (§§ 667.5, subd. (c), 1192.7, subd. (c)); (2) not serving a sentence for a crime committed under the circumstances listed in section 667 subdivision (e)(2)(C) clauses (i) through (iii), or section 1170.12, subdivision (c)(2)(C), clauses (i) through (iii), and; (3) who does not have a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C), clause (iv), or section 1170.12, subdivision (c)(2)(C), clause (iv). (§ 1170.126, subd. (e).)

If an inmate is eligible under the statute, then he must be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

In this case, the trial court concluded Acevedo was ineligible for resentencing because when he committed the crimes leading to his third strike sentence he was armed with a firearm. In reaching this conclusion, the trial court relied on section 1170.126, subdivision (e)(2) and section 667, subdivision (e)(2)(C)(iii). When read together these two provisions provide that an inmate is ineligible for resentencing if during the commission of the offense which lead to his third strike sentence the defendant "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).) The prosecution argued, and the

trial court agreed, the appellate court opinion and the preliminary hearing transcript established that when Acevedo was arrested he was armed with two firearms.

We have reviewed the transcript from the preliminary hearing as well as the opinion issued by this court denying Acevedo's appeal from the 2001 convictions. These documents, which were consistent in all relevant respect, conclusively established Acevedo was personally armed with a firearm when he was arrested. Accordingly, Acevedo was ineligible for resentencing.

**DISPOSITION**

The order denying the petition is affirmed.